UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>-against-<br><br>EPIFANIO ESPINOSA,<br><br>       Defendant. | No.: 21-CR-1326-MV |

### UNOPPOSED MOTION TO CONTINUE TRIAL SETTING AND TO EXTEND THE PRETRIAL MOTIONS DEADLINE

COMES NOW Wayne Baker, Esq., counsel for defendant Epifanio Espinosa, who, with the concurrence of assigned Assistant United States Attorney Paul Spiers, hereby moves this Honorable Court to continue the trial setting and to extend the pretrial motions deadline by a minimum of one-hundred twenty (120) days, and in support thereof, states as follows:

1. On or about August 26, 2021, the defendant Epifanio Espinosa was arrested by federal agents based on a criminal complaint (Doc. 2) issued, and a search warrant executed, the day prior.

2. On September 1, 2021, the defendant appeared with assigned counsel and executed a waiver of a preliminary hearing (Doc. 13) and a waiver of a personal presence (Doc. 12) and an order of detention was entered (Doc. 14).

3. On September 9, 2021, new counsel entered an appearance on behalf of Mr. Espinosa. (Doc. 15).

4. On September 14, 2021, an Indictment was filed (Doc. 19) charging the Defendant with possession with intent to distribute a controlled substance and felon in possession of a

firearm.  An Arraignment on the Indictment was scheduled and terminated due to Mr. Espinosa's COVID-19 exposure at the detention facility.

5. On October 15, 2021, the Defendant entered a not guilty plea to the two-count Indictment and conditions of release to La Pasada Halfway House were entered.

6. On November 27, 2021, undersigned counsel entered an appearance on behalf of Mr. Espinosa.

7. On December 16, 2021, an Unopposed Motion to Modify Conditions of Release was filed (Doc. 39) and So Ordered (Doc. 40) that same day.  Mr. Espinosa was allowed to leave La Pasada and return to his residence.

8. On December, 22, 2021, Mr. Espinosa entered UNM Hospital for a previously scheduled total knee replacement surgery.

9. He is presently convalescing at his residence with physical therapy.   Defendant has been entirely compliant with all release conditions.

10. Undersigned counsel has recently received the complete discovery in this case.

11. Counsel has not had the opportunity to fully review the discovery or to go over it with the Defendant.

12. After review of the evidence with the Defendant and a discussion of the process going forward, including a discussion of the Sentencing Guidelines and mandatory minimum statute application, undersigned counsel will have a better understanding of the case, the strength of the evidence and the defendant's position.

13. At that juncture, discussions will be held with the assigned AUSA to discuss a reasonable resolution of the case.  Then counsel will need to discuss potential plea options with the Defendant.

14. Counsel believes a one hundred and twenty-day (120) extension of all scheduled deadlines will be sufficient time to review the discovery with the Defendant, initiate potential plea negotiations and to fully discuss the plea with the defendant.  Counsel is confident the additional time will likely dispose of this matter without the need for a trial.

15. The Speedy Trial Act ("Act") requires that a federal criminal trial commence within seventy (70) days of the later of the filing of the information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1).  However, the Act excludes from the seventy-day period, *inter alia*, "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  See also United States v. Toombs, 572 F.3d 1262 (10th Cir. 2009).

16. The Defendant has been advised of the provisions and parameters of the Speedy Trial Act and the implications of waiving speedy trial time.

17. The Defendant wishes to waive his rights under the Speedy Trial Act, 18 U.S.C. § 3161, for the continuance time requested herein, which should be excluded from the statutory time limits as the interests of justice will best be served by providing for a continuance potentially resulting in an agreed disposition.

18. The assigned AUSA has been informed of the contents of the instant motion and concurs with the requested one hundred and twenty-day (120) day continuance.

19. This is undersigned counsel's first request for a continuance.

WHEREFORE it is requested that the Court grant the instant Unopposed Motion to Continue Trial Setting and to Extend the Pretrial Motions Deadline and issue an Order in accordance therewith.

Respectfully submitted:

*Wayne Baker*

Wayne Baker, Esq.
14112 Piedras Road, NE
Albuquerque, NM 87123-2323
(505) 652-4222
Attorney for Defendant Epifanio Espinosa

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court on February 5, 2022, using the CM/ECF system.

*Wayne Baker*

Wayne Baker, Esq.